**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| PRIYESH D. PATEL, et al., | ) | |
| | ) | |
| Plaintiff, | ) | **CIVIL ACTION** |
| | ) | |
| v. | ) | No. 06-1247 |
| | ) | |
| INTERMOTEL LEASING, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This case comes before the court on defendant's motion for summary judgment. (Doc. 31). The motion has been fully briefed and is ripe for decision. (Docs. 33, 36, 40). For reasons herein, defendant's motion is granted in part and denied in part.

**I.  FACTS**

Plaintiffs are owners of the Red Carpet Inn of Arkansas City, Kansas. Defendant Intermotel Leasing, Inc., acts as the Lodging Administrator for all employees of Burlington Northern and Sante Fe Railway Company (the "Railroad.") On March 16, 2000, plaintiffs and defendant entered into a contract (#75223) in which defendant agreed to guarantee twenty-five occupancies per day at a rate of $27.92. This rate was effective until April 1, 2001.

The contract contained the following provisions:

> 12. IML [defendant] may immediately terminate this agreement if this agreement is breached for any reason, including buy not limited to, the LODGING PROVIDER failing in any manner to secure the required insurance outlined in Section 9 or provide acceptable lodging facilities meeting the requirements of RAILROAD's labor agreements.
>
> 13.    This agreement shall become effective at 12:01 AM on April 1, 2000 and will remain in effect for a period

>      of twelve (12) months and, thereafter, will continue in
> effect on a month to month basis. During the initial term
> or thereafter this agreement may be terminated upon thirty
> (30) days written notice from one party to the other.

(Doc. 32, exh. 1 at 3).

Contract #75223 was extended multiple times. On each extension, the parties changed the number of guaranteed rooms and the rate of stay but consistently stated that the remaining terms of the original contract would be in effect. On May 4, 2004, the parties entered into their final extension of contract #75223. The agreement stated as follows:

>      The BNSF has agreed to extend the lodging agreement
> for the [Red Carpet Inn]. Lodging Provider and IML agree
> to extend contract no. 75223 for an additional three years,
> through April 30, 2007. Lodging Provider agrees to reduce
> the room rate by one dollar and eight-six [sic] cents
> ($1.86) to twenty-six dollars and thirty-six cents, plus
> applicable taxes for the period of May 1, 2004 through
> April 30, 2005. Lodging Provider agrees to make the
> following improvements: replace box springs/mattresses,
> drapes, and install new carpeting in all sleeping rooms.
> Lodging Provider agrees to complete improvements by January
> 1, 2005. Effective May 1, 2005 through April 30, 2007 the
> room rate will be twenty-eight dollars and twenty-two cents
> ($28.22), plus applicable taxes for BNSF train crews.
> After is date the contract will be on a month-to-month
> basis. No other terms will change for contract no. 75223.

(Doc. 32, exh. 6).

On March 1, 2006, Rick LaLonde notified Amy Patel that defendant was immediately canceling all daily train crew room guarantees due to safety concerns and substandard lodging conditions. Plaintiff alleges that defendant breached the contracted by terminating the contract on the basis that the rooms were unsanitary.

Defendant moves for summary judgment on the basis that its termination of the contract was in accordance with the provision that allows termination for unsanitary conditions. In the alternative,

-2-

defendant seeks to limit the amount of damages that plaintiffs can recover. Plaintiffs respond that the Red Carpet Inn did meet cleanliness and safety standards.

## II. SUMMARY JUDGMENT STANDARD

The rules applicable to the resolution of this case, now at the summary judgment stage, are well-known and are only briefly outlined here. Federal Rule of Civil Procedure 56(c) directs the entry of summary judgment in favor of a party who "show[s] that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). An issue is "genuine" if sufficient evidence exists "so that a rational trier of fact could resolve the issue either way" and "[a]n issue is 'material' if under the substantive law it is essential to the proper disposition of the claim." Adler v. Wal-Mart Stores, Inc., 144 F.3d 664, 670 (10th Cir. 1998). When confronted with a fully briefed motion for summary judgment, the court must ultimately determine "whether there is the need for a trial–whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986). If so, the court cannot grant summary judgment. Prenalta Corp. v. Colo. Interstate Gas Co., 944 F.2d 677, 684 (10th Cir. 1991).

## III. ANALYSIS

### A. Breach of Contract

In order to state a claim for breach of contract in Kansas, plaintiffs must allege "(1) the existence of a contract between the

parties; (2) consideration; (3) the plaintiffs' performance or willingness to perform in compliance with the contract; (4) defendant's breach of the contract; and (5) that plaintiffs [were] damaged by the breach." Britvic Soft Drinks Ltd. v. Acsis Techs., Inc., 265 F. Supp.2d 1179, 1187 (D. Kan. 2003).  The only issue pending before the court is whether a breach occurred.

Defendant asserts that it did not breach the contract because the Red Carpet Inn was unsanitary and unsafe.  However, there are no facts properly before this court to support its contention.[1]  The only facts

---

[1] Defendant asserted the following facts in his memoranda:

> 27. On January 23, 2006 Rick LaLonde forwarded to Amy Patel a safety complaint that he had received from the "Kansas Division Safety Team" regarding the Plaintiffs' hotel. In pertinent part, the message that Mr. LaLonde forwarded to Ms. Patel stated: "The Red Carpet Hotel does not meet BNSF Minimum standards. The Floors are not clean, there is mold in the Heating/AC units, the linens are old and stained. Some rooms have missing carpet. It is simply not a suitable place to stay." (See Exhibit K, January 23, 2006 e-mail).
>
> 29. On February 17, 2006 the Kansas Division Safety Coordinator, John Krueger, sent an e-mail to Carlos Brewer outlining the following safety concerns at the Plaintiffs' hotel:
>    A. Of the five hotel rooms that were checked, only one had a working smoke detector;
>    B. Leaking pipes;
>    C. Dusty/moldy air conditioning unit;
>    D. Cockroaches were present;
>    E. The rooms were "filthy"; and
>    F. Feeble attempts had been made to cover up "mold and filth" with a new layer of caulk without even removing the old caulk that was present.
> (Exhibit M, February 17, 2006 e-mail).

(Doc. 33 at 6-7).

First, defendant's exhibit which allegedly support these "facts" are not properly authenticated as required by D. Kan. Rule 56.1(d). Second, defendant's "facts" do not set forth that the contents of the email are true, but rather state that the email contained those

-4-

properly before the court establish that a contract existed and that the contract was terminated prior to its end date and without the required notice.

Defendant's motion for summary judgment on the basis that defendant did not breach the contract is therefore denied.

**B.    Damages**

Alternatively, defendant seeks to limit the amount of damages recoverable by plaintiffs to a period of thirty days. Plaintiffs allege damages based on the entire term of the contract with defendant, i.e. March 1, 2006 until April 30, 2007. Defendant asserts that the contract allowed either party to terminate the contract as long as thirty days notice was provided and, therefore, plaintiffs' damages must be limited to only thirty days. Plaintiffs, however, argue that the thirty days notice provision was not a part of the last extension of the contract.

On March 1, 2006, defendant provided plaintiffs with notice that it was cancelling all daily train crews. Plaintiffs acknowledge that notice was received on that date. Therefore, regardless whether defendant terminated the agreement for cause, defendant's letter to plaintiffs was sufficient notice that it was immediately terminating the agreement. The original contract #75223 provided that either party could terminate the contract upon thirty days notice. The final extension between the parties stated that "[n]o other terms will change for contract no. 75223." Accordingly, the court finds that the thirty days notice provision was a part of the final extension between

---

statements. Accordingly, defendant's arguments that the contents of the emails support its termination of the contract are not persuasive.

the parties.

Therefore, plaintiffs cannot recover damages beyond March 31, 2006. See Fisherman Surgical Instruments, LLC v. Tri-anim Health Servs., Inc., ---F. Supp.2d---, 2007 WL 2374935 *11 (D. Kan. Aug. 20, 2007). Defendant's motion for summary judgment on this basis is granted.

### III. CONCLUSION

Defendant's motion for summary judgment is granted in part and denied in part. (Doc. 31).

A motion for reconsideration of this order under Local Rule 7.3 is not encouraged. The standards governing motions to reconsider are well established. A motion to reconsider is appropriate where the court has obviously misapprehended a party's position or the facts or applicable law, or where the party produces new evidence that could not have been obtained through the exercise of reasonable diligence. Revisiting the issues already addressed is not the purpose of a motion to reconsider and advancing new arguments or supporting facts which were otherwise available for presentation when the original motion was briefed or argued is inappropriate. Comeau v. Rupp, 810 F. Supp. 1172 (D. Kan. 1992). Any such motion shall not exceed three pages and shall strictly comply with the standards enunciated by this court in Comeau v. Rupp. The response to any motion for reconsideration shall not exceed three pages. No reply shall be filed.

IT IS SO ORDERED.

Dated this ___31st___ day of August 2007, at Wichita, Kansas.

s/ Monti Belot
Monti L. Belot
UNITED STATES DISTRICT JUDGE
